IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| SYLVESTER ELLIOT, JR., #322 733, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CASE NO. 2:21-CV-136-RAH-CSC |
| | ) | [WO] |
| EARNEST EVANS, et al., | ) | |
| | ) | |
| Defendants. | ) | |

**RECOMMENDATION OF THE MAGISTRATE JUDGE**

**I. INTRODUCTION**[1]

This 42 U.S.C. §1983 action is before the Court on a Complaint filed by Sylvester Elliott, Jr. ["Elliot"], an inmate currently incarcerated at the Kilby Correctional Facility in Mt. Meigs, Alabama. Elliot complains that publication of his arrest report—which contained personal identifying information—on a local news network led to friends and relatives of potential witnesses and victims of his crime locating him and subsequently assaulting hm in prison by. Doc. 1 at 3; Doc. 1-1 at 1–4; Doc. 1-2 at 1–3; Doc. 1-3 at 1–2. Elliot names as defendants Glenn Halbrooks and Andrew James of the Alabama News Network and Wilcox County Sheriff Earnest Evans. Elliot requests damages and removal of his private identifying information from the internet, his arrest report, or other public documents. Doc. 1 at 4; Doc. 1-2 at 1–3.

Upon review, the Court finds dismissal of Defendants Halbrooks and James prior to service of process is appropriate under 28 U.S.C. § 1915A(b)(1) and that Elliot's claims against Defendant

---

[1] All documents and attendant page numbers cited herein are those assigned by the Clerk of this court in the docketing process.

Evans are due to be transferred to the United States District Court for the Southern District of Alabama pursuant to 28 U.S.C. § 1404(a).

## II. STANDARD OF REVIEW

The Prison Litigation Reform Act, as partially codified at 28 U.S.C. § 1915A, requires this Court to screen complaints filed by prisoners against government officers or employees as early as possible in the litigation. The Court must dismiss the complaint or any portion thereof that it finds frivolous, malicious, seeks monetary damages from a defendant immune from monetary relief, or which states no claim upon which relief can be granted. 28 U.S.C. §1915A(b)(1) & (2). The Court may *sua sponte* dismiss a prisoner's complaint prior to service. *See* 28 U.S.C. § 1915A(a).

Under § 1915A(b)(1) the Court may dismiss a claim as "frivolous where it lacks an arguable basis in law or fact." *See Neitzke v. Williams*, 490 U.S. 319, 325 (1989). A claim is frivolous when it "has little or no chance of success," that is, when it appears "from the face of the complaint that the factual allegations are clearly baseless or that the legal theories are indisputably meritless." *Carroll v. Gross*, 984 F.2d 392, 393 (11th Cir. 1993). A claim is frivolous as a matter of law where the defendants are immune from suit, *id*. at 327, the claim seeks to enforce a right that clearly does not exist, *id*., or there is an affirmative defense that would defeat the claim, such as the statute of limitations, *Clark v. Georgia Pardons & Paroles Bd*., 915 F.2d 636, 640 n.2 (11th Cir. 1990).  Courts are accorded "not only the authority to dismiss [as frivolous] a claim based on indisputably meritless legal theory, but also the unusual power to pierce the veil of the complaint's factual allegations and dismiss those claims whose factual contentions are clearly baseless." *Neitzke*, 490 U.S. at 327.

The Court may dismiss a complaint, or any portion thereof, under 28 U.S.C. § 1915A(b)(1) for failure to state a claim upon which relief may be granted. Dismissal under § 1915A(b)(1) may be granted "only if it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations." *Hishon v. King & Spalding*, 467 U.S. 69, 73 (1984) (*citing Conley v. Gibson*, 355 U.S. 41, 45-46 (1957)). A review on this ground is governed by the same standards as dismissals for failure to state a claim under Rule 12(b)(6) of the Federal Rules of Civil Procedure. *See Jones v. Bock*, 549 U.S. 199, 215 (2007). To state a claim upon which relief may be granted, "a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal quotation marks omitted). To state a claim to relief that is plausible, the plaintiff must plead factual content that "allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* The allegations should present a "'plain statement' possess[ing] enough heft to 'show that the pleader is entitled to relief.'" *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 557 (2007). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal,* 556 U.S. at 678. When a successful affirmative defense, such as a statute of limitations, appears on the face of a complaint, dismissal for failure to state a claim is also warranted. *Jones*, 549 U.S. at 215.

*Pro se* pleadings "are held to a less stringent standard than pleadings drafted by attorneys" and are liberally construed. *Boxer X v. Harris*, 437 F.3d 1107, 1110 (11th Cir. 2006). However, they "must be enough to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555.

## III.  DISCUSSION

### A.  Defendants Halbrooks and James

Elliot names Glenn Halbrooks and Andrew James as defendants. Halbrooks is the News Director for the Alabama News Network and James is an anchor for same network.[2] Elliot's allegations against these individual are due to be dismissed as they provide no basis for relief in this cause of action.

An essential element of a 42 U.S.C. § 1983 action is that the alleged constitutional deprivation was committed by a person acting under color of state law. *Am. Mfrs. Mut. Ins. Co. v. Sullivan*, 526 U.S. 40, 49–50 (1999); *Parratt v. Taylor*, 451 U.S. 527 (1981); *Willis v. Univ. Health Servs.*, 993 F.2d 837, 840 (11th Cir. 1993). Like the state-action requirement of the Fourteenth Amendment, the under-color-of-state-law element of § 1983 excludes from its reach "merely private conduct, no matter how discriminatory or wrongful." *Am. Mfrs.*, 526 U.S. at 50 (internal quotations and citations omitted). Consequently, "state action requires *both* an alleged constitutional deprivation caused by the exercise of some right or privilege created by the State or by a rule of conduct imposed by the State or by a person for whom the State is responsible, *and* that the party charged with the deprivation must be a person who may fairly be said to be a state actor." *Id*. (internal quotation marks and citations omitted) (emphasis in original); *see also Harvey v. Harvey*, 949 F.2d 1127, 1130 (11th Cir. 1992) (citation omitted) (holding that for a defendant's actions to be under color of state law, such conduct must be "fairly attributable to the State," which in turn requires that "the party charged with the deprivation must be a person who may fairly be said to be a state actor.").

---

[2]  *Available at* https://www.alabamanews.net/about-us/.

4

Based on a review of the Complaint, it is clear that Halbrooks and James are not state actors nor does the Complaint allege any actions taken by these individuals can in any way be attributed to the State. Rather, the conduct challenged by Elliot against these individuals resulted from "merely private conduct" excluded from the reach of § 1983. Elliott's § 1983 claim against Defendants Halbrooks and James are therefore frivolous on the basis that these defendants are not state actors and the Complaint against these defendants is subject to summary dismissal under 28 U.S.C. § 1915A(b)(1).

**B.     Sheriff Evans**

Elliott sues Earnest Evans, the Sheriff of Wilcox County, Alabama, alleging Sheriff Evans undertook actions which allowed Elliott's private and confidential personal identifying information to be exposed improperly to the public. Elliot maintains Sheriff Evans' actions violated his constitutional right to privacy and his rights protected under HIPAA.[3] Wilcox County is located in the Southern District of Alabama.

A 42 U.S.C. § 1983 "action may be brought in – (1) a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located; (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred . . .; or (3) if there is no district in which an action may otherwise be brought as provided in this section, any judicial district in which any defendant is subject to the court's personal jurisdiction with respect to such action." 28 U.S.C. § 1391(b). The law further provides that "[f]or the convenience of parties and witnesses,  in the interest of justice, a district court may transfer any civil action to any other district . . . where it might have been brought . . ." 28 U.S.C. § 1404(a).

---

[3]Health Insurance Portability and Accountability Act of 1996, Pub.L. No. 104-191, § 247, 110 Stat.1936, 2018 (1996).

Based on the foregoing, and in the interest of justice, Elliott's claims against Sheriff Evans warrant transfer to the United States District Court for the Southern District of Alabama. *See id.*

## IV. CONCLUSION

Accordingly, it is the Recommendation of the Magistrate Judge that:

1. Plaintiff's claims for relief against Defendants Glenn Halbrooks and Andrew Jams be DISMISSED with prejudice under 28 U.S.C. § 1915A(b)(1);

2. Defendants Halbrooks and James be TERMINATED as parties to the complaint;

3. Plaintiff's remaining claims for relief against Defendant Evans be TRANSFERRED to the United States District Court for the Southern District of Alabama under 28 U.S.C. § 1404(a).

Plaintiff may file objections to the Recommendation on or before **March 22, 2021**. Plaintiff must specifically identify the factual findings and legal conclusions in the Recommendation to which objection is made. Frivolous, conclusive, or general objections to the Recommendation will not be considered. Plaintiff is advised this Recommendation is not a final order and, therefore, it is not appealable.

Failure to file written objections to the proposed factual findings and legal conclusions set forth in the Recommendations of the Magistrate Judge shall bar a party from a *de novo* determination by the District Court of these factual findings and legal conclusions and shall "waive the right to challenge on appeal the District Court's order based on unobjected-to factual and legal conclusions" except upon grounds of plain error if necessary in the interests of justice. 11TH Cir. R. 3-1; *see Resolution Trust Co. v. Hallmark Builders, Inc.*, 996 F.2d 1144, 1149 (11th Cir. 1993) ("When the magistrate provides such notice and a party still fails to object to the findings of fact [and law] and those findings are adopted by the district court the party may not challenge them on

appeal in the absence of plain error or manifest injustice."); *Henley v. Johnson*, 885 F.2d 790, 794 (11th Cir. 1989).

Done, this 8th day of March 2021.

                         /s/ Charles S. Coody
                         CHARLES S. COODY
                         UNITED STATES MAGISTRATE JUDGE